# United States Court of Appeals for the Fifth Circuit

No. 22-50714
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaime Pando,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-69-1

Before Smith, Higginson, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Jaime Pando appeals his sentence for conspiracy to possess with intent to distribute, and distribute, five grams or more of methamphetamine ("meth"). Finding no error, we affirm.

Pando maintains that the district court erred by refusing a mitigating-role adjustment even though he acted as a minor participant for purposes of U.S.S.G. § 3B1.2. Pando contends that during the time of his arrest, a co-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conspirator gave him the meth to attempt to distance himself from the offense conduct. Pando states that the drug operation was relatively small and that his actions were dissimilar compared to those of other participants. Pando avers he was not the source of the meth, nor did he receive a larger share of the drug proceeds. He also posits that he is not the mastermind of the conspiracy and did not perform tasks crucial to the success of the enterprise.

Whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* "[W]hen a sentence is based on an activity in which a defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor or minimal." *United States v. Stanford*, 823 F.3d 814, 852 (5th Cir. 2016) (citation omitted).

The record shows Pando was sentenced based only on the activity in which he was involved, specifically the quantity of meth found on him at the arrest and that he admitted having sold and purchased. Although Pando alleged the meth belonged to a co-conspirator, he failed to provide evidence rebutting the presentence report's contrary conclusion. *See United States v. Taylor*, 277 F.3d 721, 725–27 (5th Cir. 2001). In addition, Pando does not point to evidence indicating the roles of his co-conspirators or showing that his role was limited to transportation and storage. Therefore, the district court did not clearly err in denying Pando a mitigating role. *See United States v. Torres-Hernandez*, 843 F.3d 203, 209–10 (5th Cir. 2016).

AFFIRMED.